# STATE OF MICHIGAN

# COURT OF APPEALS

---

AM RODRIGUEZ ASSOCIATES, INC.,

        Plaintiff-Appellant,

v

CITY COUNCIL OF THE VILLAGE OF
DOUGLAS and CITY OF THE VILLAGE OF
DOUGLAS,

        Defendants-Appellees.

UNPUBLISHED
July 21, 2016

No. 325862
Allegan Circuit Court
LC No. 09-046065-CZ

---

Before: MURRAY, P.J., and SAWYER and METER, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court's January 20, 2015, order granting defendants' motion for summary disposition pursuant to MCR 2.116(C)(8) regarding plaintiff's inverse condemnation claim. We affirm.

Plaintiff owns real property in the City of the Village of Douglas. On May 25, 2006, plaintiff submitted its planned unit development (PUD) for 52 condominium units to defendants. On November 6, 2006, and December 11, 2006, plaintiff submitted revised plans to defendants. On April 2, 2007, defendants denied plaintiff's proposed development for the following reasons:

> a.   The planning commission had found there to be insufficient or unproven substantial benefit to the City of Douglas as required in section 27.03 of the zoning ordinance.

> b.   The proposed Douglas Cove Road did not comply with the City's road standards relative to length or number of housing units to be served and the council concluded that the proposed length and number of housing units to be served was excessive from a safety perspective.

> c.   The proposed private drive access drive [sic] impacted upon wetlands and therefore was not consistent with section 27.04(17) of the Sensitive Natural Features.

After defendants denied plaintiff's proposed development, plaintiff filed its initial appeal with the Allegan Circuit Court, beginning the extensive litigation in this case.[1] The present action was filed in the Allegan Circuit Court on December 29, 2009. Plaintiff asserted three counts, the third of which was that defendants had taken plaintiff's private property without just compensation. On July 15, 2010, the trial court granted defendants summary disposition pursuant to MCR 2.116(C)(7) regarding all three counts, concluding, among other things, that each count was barred by the doctrine of res judicata. On January 10, 2012, this Court affirmed the trial court's grant of summary disposition regarding plaintiff's first two counts, but reversed regarding plaintiff's inverse condemnation count. *AM Rodriguez Assoc, Inc v Douglas City Council*, unpublished opinion per curiam of the Court of Appeals, issued January 10, 2012 (Docket No. 299510), slip op at 5-7. We remanded the case to the trial court for further proceedings. *Id*. at 7.

On December 9, 2014, defendants moved the trial court for summary disposition pursuant to MCR 2.116(C)(8) and (C)(10) regarding plaintiff's inverse condemnation claim, arguing, in part, that the claim was not ripe under the rule of finality. On January 20, 2015, the trial court granted defendants' motion for summary disposition under MCR 2.116(C)(8). Plaintiff now appeals.

Summary disposition is appropriate under MCR 2.116(C)(8) when a party "has failed to state a claim on which relief can be granted." "A motion for summary disposition under MCR 2.116(C)(8) tests the legal sufficiency of the complaint and allows consideration of only the pleadings." *MacDonald v PKT, Inc*, 464 Mich 322, 332; 628 NW2d 33 (2001). Summary disposition is proper under MCR 2.116(C)(8) "only when the claim is so clearly unenforceable as a matter of law that no factual development could possibly justify a right of recovery." *Id*. We review de novo a trial court's decision regarding a motion for summary disposition. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999).

In *Blue Harvest, Inc v Dep't of Transp*, 288 Mich App 267, 277; 792 NW2d 798 (2010), we explained:

> "Eminent domain" or "condemnation" is the power of a government to take private property. The United States Constitution precludes the federal government from taking private property unless it is taken for a public use and with just compensation. US Const, Am V. Similarly, the Michigan Constitution requires that "[p]rivate property shall not be taken for public use without just compensation." Const 1963, art 10, § 2. [Citation and quotation marks omitted.]

"[T]he State of Michigan recognizes a cause of action, often referred to as an inverse or reverse condemnation suit, for a de facto taking when the state fails to utilize the appropriate legal

---

[1] For a more comprehensive discussion of the procedural history of this case, see *AM Rodriguez Assoc, Inc v Douglas City Council*, unpublished opinion per curiam of the Court of Appeals, issued January 10, 2012 (Docket No. 299510).

mechanisms to condemn property for public use." *Peterman v State Dep't of Natural Resources*, 446 Mich 177, 187-188; 521 NW2d 499 (1994). In *Paragon Properties Co v Novi*, 452 Mich 568, 576; 550 NW2d 772 (1996), the Michigan Supreme Court stated that

> [a] challenge to the validity of a zoning ordinance "as applied," whether analyzed under 42 USC 1983 as a denial of equal protection, as a deprivation of due process under the Fourteenth Amendment, or as a taking under the Just Compensation Clause of the Fifth Amendment, is subject to the rule of finality.

For a landowner to demonstrate a valid inverse condemnation claim, "the landowner must show that he sought alternative uses of the property as zoned and was denied, thus leaving the property owner with land having no economically productive or reasonably beneficial use." *Braun v Ann Arbor Charter Twp*, 262 Mich App 154, 159; 683 NW2d 755 (2004).

Plaintiff, in accordance with the PUD, sought to build 44 (originally 52) condominium units on its property. That number of units appears to have been well within the number of units permitted by the property's R-5 zoning. However, defendants rejected plaintiff's PUD in part because the private road that serviced plaintiff's property was already servicing more residential units than was permitted under defendants' ordinances. Plaintiff could have sought a variance from the Zoning Board of Appeals under Douglas Ordinances, § 29.05(2), that would have permitted it to go forward with a development. See *Bevan v Brandon Twp*, 438 Mich 385, 388; 475 NW2d 37 (1991) (discussing how property owners sought a variance from the "board of zoning appeals" in that case after the owners' application for a permit to build two houses on their property was denied because the easement providing access to the owners' property did not "meet the minimum width requirement of the township ordinance applicable to a private road which serves two or more homes"). However, there is no indication in plaintiff's December 29, 2009, complaint that plaintiff pursued a variance from the Zoning Board of Appeals that would have allowed its development plan to go forward in some form. Thus, this case is similar to *Paragon Properties Co*, 452 Mich at 580-581, wherein the Michigan Supreme Court held that the rule of finality barred the plaintiff's claim in that case because, despite the fact that the plaintiff received a decision from the defendant city regarding its rezoning request, the plaintiff never requested a variance from the Zoning Board of Appeals. Because plaintiff did not request a variance from the Zoning Board of Appeals in this case, we are left to conclude, just as the Michigan Supreme Court did in *Paragon Properties*, that, "absent a request for a variance, there is no information regarding the potential uses of the property that might have been permitted, nor, therefore, is there information regarding the extent of the injury" plaintiff suffered in this case. *Id*. at 580.

Plaintiff argues in its reply brief that any attempt on its part to request a variance from the Zoning Board of Appeals would "arguably" have been futile. However, "[a] mere expectation that an administrative agency will act a certain way is insufficient to satisfy the futility exception." *Huron Valley Sch v Secretary of State*, 266 Mich App 638, 649; 702 NW2d 862 (2005). Moreover, in *Hendee v Putnam Twp*, 486 Mich 556; 786 NW2d 521 (2010), five Justices of the Michigan Supreme Court held that for the futility exception to the rule of finality to be available to a plaintiff raising an inverse condemnation claim, the plaintiff must have made at least one "meaningful application" for a variance from the challenged regulations. *Id*. at 574-575 (opinion by WEAVER, J.); *id*. at 578 (HATHAWAY, J., concurring); *id*. at 592-595 (CORRIGAN,

J. concurring opinion); *id*. at 595 (YOUNG AND MARKMAN, JJ., concurring with CORRIGAN, J.). Here, plaintiff did not apply for a variance from the Zoning Board of Appeals. In light of *Paragon Properties* and *Hendee*, the trial court did not err in granting defendants summary disposition under MCR 2.116(C)(8) regarding plaintiff's inverse condemnation claim.

Affirmed.

/s/ Christopher M. Murray
/s/ David H. Sawyer
/s/ Patrick M. Meter