*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

WILLIAM BEAUMONT HOSPITAL,

Plaintiff-Appellant,

v

CERTIFICATE OF NEED COMMISSION and
DEPARTMENT OF HEALTH AND HUMAN
SERVICES,

Defendants-Appellees.

UNPUBLISHED
May 13, 2021

No. 352568
Court of Claims
LC No. 19-000183-MZ

Before: SHAPIRO, P.J., and JANSEN and BECKERING, JJ.

PER CURIAM.

Plaintiff appeals as of right the Court of Claims' order and opinion granting defendants, Michigan Department of Health and Human Services (DHHS) and Certificate of Need Commission's (Commission), motion for summary disposition under MCR 2.116(C)(4). We affirm.

## I. BACKGROUND

This case arises from plaintiff's efforts to obtain a "certificate of need [CON]" from DHHS to build a hospital in Oxford, Michigan. DHHS is responsible for identifying "limited access areas" (LAAs), which put simply, is an area of Michigan that lacks adequate access to hospitals. In 2018, DHHS identified an area in northern Oakland County as a LAA, which DHHS named "LAA-6." Plaintiff wanted to build a new hospital in LAA-6. To do so, plaintiff first needed to obtain a certificate of approval from DHHS. Thus, in February of 2019, plaintiff filed a CON application with DHHS.

Plaintiff alleges that roughly four months later, one of defendants' representatives contacted plaintiff to discuss a "drafting problem" in the Certificate of Need Review Standards (CON Review Standards). Section 6(5)(g)(i) of the CON Review Standards required the builder of a hospital to "locate the new hospital within the limited access area and serve a population of 50,000 or more inside the limited access area and within 30 minutes [sic] drive time from the proposed new hospital." And the representative informed plaintiff that the Commission interpreted

-1-

this language to mean that a LAA must have a population of at least 50,000 people within it before a hospital could be built. According to DHHS, LAA-6 had a population of only 7,687 people.

On August 15, 2019, plaintiff requested, under MCL 24.263, that DHHS issue a declaratory ruling as to the meaning of CON Review Standard Section 6(5)(g)(i) and as to how that standard applied to its application. A few months later, in October of 2019, DHHS declined plaintiff's request without issuing a decision on the merits. DHHS explained that plaintiff's request "relate[d] to facts or circumstances of a changing situation[.]" Plaintiff appealed this denial to the Ingham Circuit Court. Plaintiff's appeal in this matter remains pending.

A month after plaintiff requested DHHS to issue a declaratory ruling, DHHS issued a proposed decision denying plaintiff's CON application. DHHS determined that plaintiff did not satisfy CON Review Standard Section 6(5)(g)(i) because plaintiff had failed to demonstrate that LAA-6 had a population of 50,000 people. The final page of the proposed decision informed plaintiff of its right to request a hearing before the Michigan Office of Administrative Hearings and Rules. The proposed decision noted that the hearing available to plaintiff would be governed by MCL 24.271 of the Administrative Procedures Act (APA), i.e., the procedures applicable to contested case hearings. See MCL 333.22232(3) (describing the available hearing procedure).

After this procedure, plaintiff requested a hearing to contest DHHS's proposed decision. But before that hearing could take place, plaintiff filed a complaint in the Court of Claims asking that the Court of Claims grant it declaratory relief. Plaintiff argued that defendants had erroneously interpreted CON Review Standard Section 6(5)(g)(i) and asked the Court of Claims to order DHHS to adopt one or more of plaintiff's proffered interpretations of CON Review Standard Section 6(5)(g)(i). In response, defendants moved for summary disposition under MCR 2.116(C)(4) and MCR 2.116(C)(8). Defendants noted that, because plaintiff had not yet exhausted its available administrative remedies, the Court of Claims lacked subject-matter jurisdiction over plaintiff's claim. In agreement with defendants, the Court of Claims granted defendants' motion for summary disposition under MCR 2.116(C)(4). This appeal followed.

## II. STANDARD OF REVIEW

We review de novo jurisdictional questions under MCR 2.116(C)(4). *Travelers Ins Co v Detroit Edison Co*, 465 Mich 185, 205; 631 NW2d 733 (2001). In doing so, we "must determine whether the affidavits, together with the pleadings, depositions, admissions, and documentary evidence, demonstrate . . . [a lack of] subject matter jurisdiction." *L & L Wine and Liquor Corp v Liquor Control Comm*, 274 Mich App 354, 356; 733 NW2d 107 (2007), quoting *CC Mid West v McDougall*, 470 Mich 878, 878; 683 NW2d 142 (2004). Likewise, we review de novo questions of statutory interpretation. *McQueer v Perfect Fence Co*, 502 Mich 276, 285-286; 917 NW2d 584 (2018), rev'd in part on other grounds 502 Mich 276 (2018).

## III. ANALYSIS

Generally, a party aggrieved by an administrative agency may not seek relief in the courts until the party has exhausted all available administrative remedies. See, e.g., *WA Foote Mem Hosp v Dep't of Pub Health*, 210 Mich App 516, 522-523; 534 NW2d 206 (1995). If through statutory language the Legislature indicates its intent to vest a state agency with exclusive jurisdiction over

certain matters, courts must decline to exercise jurisdiction until all administrative proceedings regarding those matters are complete. *L & L Wine and Liquor Corp*, 274 Mich App at 356, citing *Papas v Gaming Control Bd*, 257 Mich App 647, 657; 669 NW2d 326 (2003). For the Legislature to indicate such intent, the applicable statutory language need not include the phrase "exclusive jurisdiction" verbatim. In *L & L Wine and Liquor Corp*, this Court held that the Legislature had intended to vest an agency with exclusive jurisdiction because (1) the applicable statute expressly vested the agency with the authority to act; and (2) the agency had created procedures to provide the relief that the aggrieved party sought. *L & L Wine and Liquor Corp*, 274 Mich App at 356-357.

Applying the same logic here, it follows that our Legislature intended to vest DHHS with exclusive jurisdiction over the review of CON applications. After all, MCL 333.22221(d) expressly vests in DHHS the power to "[a]dminister and apply certificate of need review standards." And, as discussed by the Court of Claims, MCL 333.22201 *et seq*. establishes an administrative appeal process for parties to which DHHS has initially denied a CON.[1] See *WA Foote Mem Hosp*, 210 Mich at 522 (citing available administrative remedies under the public health code). Under these circumstances, we conclude that Legislature intended to vest DHHS with exclusive jurisdiction over the administration of CONs. See *L & L Wine and Liquor Corp*, 274 Mich App at 357. Given that our Legislature intended to vest DHHS with exclusive jurisdiction, plaintiff was required to exhaust available administrative remedies before any court could assume jurisdiction over its case. Plaintiff has not done so here.

Regardless, plaintiff argues that the exhaustion requirement should be excused in this case. In support of its argument, plaintiff cites the futility exception to the exhaustion requirement. Plaintiff reasons that a further appeal to DHHS would be futile because (1) plaintiff had numerous informal conversations with defendants in which they refused to adopt its preferred interpretation of Section 6(5)(g)(i); and (2) because DHHS rejected its request for a declaratory ruling. We cannot agree.

Under the futility exception, if appeal to an administrative agency would be futile, then the exhaustion requirement is excused. *Manor House Apartments v City of Warren*, 204 Mich App 603, 605; 516 NW2d 530 (1994). To invoke this exception, "it must be 'clear that an appeal to an administrative board is an exercise in futility and nothing more than a formal step on the way to the courthouse.' " *Id*. (citation omitted). This Court will not assume that an administrative appeal would be futile. *Huron Valley Sch v Secretary of State*, 266 Mich App 638, 649; 702 NW2d 862 (2005). Instead, this Court assumes that the administrative process will properly correct alleged errors. *Id*.

As to plaintiff's argument about its conversations with defendants, this Court has already held that informal conversations with an agency are not enough to establish futility. *L & L Wine and Liquor Corp*, 274 Mich App at 359. Just as the agency in *L & L Wine and Liquor Corp* was

---

[1] MCL 333.22232(1) directs an aggrieved applicant to "submit a written request for a hearing to demonstrate that the application filed by the applicant meets the requirements for approval under this part." And MCL 333.22232(3) requires this hearing to be governed by the contested case procedures outlined in the Michigan administrative procedures act (APA), MCL 24.271 *et seq*.

not bound by the informal representations of its agent, so too DHHS was not bound by informal representations of its agents about how CON Review Standard Section 6(5)(g)(i) should be interpreted. And as to plaintiff's argument about DHHS denying its request for declaratory ruling, this circumstance does little to advance plaintiff's position. In its order denying plaintiff's request, DHHS took no position on the merits of plaintiff's claim—it simply declined to offer judgment at all. In other words, DHHS did not suggest one way or another how it felt about plaintiff's claim. From this, perhaps plaintiff could expect DHHS ultimately to rule against it. But "[a] mere expectation that an administrative agency will act a certain way is insufficient to satisfy the futility exception." *Id*. (citation omitted).

Plaintiff next argues that further appeal to DHHS would be futile because its claim involves a pure question of law. For this reason, plaintiff contends, further agency review is unnecessary. Plaintiff cites two cases in support of this proposition: *Mich Waste Sys, Inc v Dep't of Natural Resources*, 157 Mich App 746; 403 NW2d 608 (1987) and *Huggett v Dep't of Natural Resources*, 232 Mich App 188; 590 NW2d 747 (1998), aff'd 464 Mich 711 (2001). However, plaintiff's interpretation of these cases is misplaced. In neither *Huggett* nor *Mich Waste Sys, Inc* did this Court suggest that an aggrieved party need not exhaust administrative remedies for the sole reason its claim involves only a question of law. In *Mich Waste Sys, Inc*, 157 Mich App at 758-759, this Court held that exhaustion would have been futile after finding that the agency was predisposed to rule against the aggrieved party—not after finding that the aggrieved party's claim involved a pure question of law. In that case, it was the trial court—not this Court—that concluded that exhaustion would have been futile for this reason. *Id*. at 759. Acknowledging this, this Court held that the trial court had reached the correct result but did not endorse the trial court's reasoning. *Id*. And in *Huggett*, 232 Mich App at 192-193, this Court held that exhaustion would have been futile because the aggrieved party had challenged the agency's jurisdiction over the party—not just because the aggrieved party's claim involved a question of law. Because the aggrieved party was challenging the agency's jurisdiction, reasoned the Court, requiring the party to exhaust administrative remedies would subject the aggrieved party to the very harm it sought to avoid. *Id*. Accordingly, neither case cited by plaintiff required the Court of Claims to conclude that exhaustion was futile. Plaintiff has not proved that DHHS is predisposed to rule against it, and plaintiff does not challenge DHHS's jurisdiction to apply the CON Review Standards to CON applications.

Finally, plaintiff argues that exhaustion would be futile, as defendants persist in their interpretation of Section 6(5)(g)(i) despite its interpretation being so absurd as to run afoul of absurd-results rule. But defendants' interpretation appears to be consistent with Section 6(5)(g)(i)'s plain meaning: the Review Standard clearly states that a new hospital must be located "within the limited access area and serve a population of 50,000 or more inside the limited access area . . . ." A reasonable person could read this as requiring a LAA to have a population of at least 50,000, and this Court generally gives controlling weight to an agency's reasonable interpretation of its own regulations. See *In re Petition of Attorney General for Investigative Servs*, 274 Mich App 696, 701; 736 NW2d 594 (2007).

Having concluded that plaintiff has failed to show that requiring it to exhaust its administrative remedies would be futile, we next address plaintiff's argument that even if it was required to exhaust its administrative remedies, MCL 600.6419(1)(a) conferred exclusive jurisdiction to the Court of Claims. Characterizing its claim as an original action for declaratory

relief, plaintiff reasons that its claim here is distinct from its claim pending on appeal at the administrative level. We disagree.

"The Court of Claims is created by statute and the scope of its subject-matter jurisdiction is explicit." *O'Connell v Dir of Elections*, 316 Mich App 91, 101; 891 NW2d 240 (2016), quoting *Dunbar v Dep't of Mental Health*, 197 Mich App 1, 5; 495 NW2d 152 (1992). "The Court of Claims has exclusive jurisdiction to hear and determine 'any demand for . . . declaratory relief . . . against the state or any of its departments or officers notwithstanding another law that confers jurisdiction of the case in the circuit court.' " *Boler v Governor*, 324 Mich App 614, 620; 923 NW2d 287 (2018), quoting MCL 600.6419(1)(a). Hence, by characterizing its claim against defendants as one for declaratory relief, plaintiff argues that MCL 600.6419(1)(a) grants the Court of Claims exclusive jurisdiction over its case—regardless of any remaining administrative remedies available.

The issue with plaintiff's argument lies in the fact that plaintiff's claim is a claim for declaratory relief in name only. In substance, plaintiff's claim is an appeal of DHHS's denial of its application for a CON. After all, plaintiff's claim pending before DHHS and plaintiff's claim submitted to the Court of Claims both ask the same question: should Section 6(5)(g)(i) of the CON Review Standards be interpreted to allow plaintiff's CON application to proceed? Because plaintiff's claim is in substance just an appeal of DHHS's denial of its CON application, the Court of Claims correctly characterized it as such. As our Supreme Court has noted, "the nature of the claim, rather than how the plaintiff phrases the request for relief, controls how a court will characterize the claim." *Parkwood Ltd Dividend Housing Ass'n v State Housing Dev Auth*, 468 Mich 763, 774 n 8; 664 NW2d 185 (2003); see also *Boler*, 324 Mich App at 620.

In sum, the Court of Claims correctly concluded that it lacked jurisdiction over plaintiff's claim and correctly granted defendants' motion for summary disposition. Plaintiff has not exhausted all of its administrative remedies, and MCL 600.6419(1)(a) does not allow the Court of Claims to assume exclusive jurisdiction over an administrative appeal.

Affirmed.

/s/ Douglas B. Shapiro
/s/ Kathleen Jansen
/s/ Jane M. Beckering