MANOR HOUSE APARTMENTS v CITY OF WARREN

Docket No. 156209. Submitted February 10, 1994, at Detroit. Decided
April 19, 1994, at 9:05 A.M.

Manor House Apartments filed with the Tax Tribunal a petition
challenging the 1992 real property tax assessment by the City
of Warren for its property. The Tax Tribunal dismissed the
petition on the ground that the petitioner had failed to protest
the assessment before the board of review. The petitioner
appealed.

The Court of Appeals *held:*

MCL 205.735(1); MSA 7.650(35)(1), subject to exceptions not
relevant to this case, requires that an assessment first be
protested before the board of review in order for the Tax
Tribunal to acquire jurisdiction over the valuation dispute.
However, there is an exception to this requirement in cases
where it is clear that an appeal to the board would be an
exercise in futility.

In this case, the petitioner may bring its challenge of the
1992 assessment directly to the Tax Tribunal because a protest
before the board of review would have been an exercise in
futility. Amendments of the assessment act, MCL 211.10 *et seq.*;
MSA 7.10 *et seq.*, made to effectuate the freeze in property tax
assessments for 1992 empowered boards of review to hear only
certain challenges to 1992 assessments, none of which are
applicable in this case.

Reversed.

TAXATION — REAL PROPERTY TAXES — 1992 ASSESSMENTS — TAX
TRIBUNAL.

A real property tax assessment for 1992 may be challenged in the
Tax Tribunal without first being protested before the local
board of review where the assessment is one made not subject
to review by local boards pursuant to the statutory provisions
that effectuated the freeze of property tax assessments in 1992
(MCL 211.10; MSA 7.10).

REFERENCES

Am Jur 2d, State and Local Taxation §§ 799, 802, 811; Taxpayers'
Actions §§ 49, 50.

See ALR Index under Taxes; Taxpayers' Actions.

*Honigman Miller Schwartz & Cohn* (by *Samina R. Hurst*), for the petitioner.

*Robert J. Chrzanowski,* City Attorney, and *David L. Dalenberg,* Assistant City Attorney, for the respondent.

Before: Gribbs, P.J., and Hood and H. E. Brown,* JJ.

Per Curiam. This appeal concerns a challenge to a tax assessment. Petitioner appeals as of right from the Tax Tribunal's dismissal of its appeal on the ground that petitioner failed to exhaust its administrative remedies. We reverse.

Petitioner was unhappy with its 1992 property tax assessment. However, rather than challenging the assessment before the local board of review, petitioner appealed directly to the Tax Tribunal.

Petitioner argues that the tribunal should have excused its failure to appeal to the board of review because such an appeal would have been futile. It also contends that the statute does not support the result below and that the dismissal deprived it of procedural due process. We agree.

The Tax Tribunal has original jurisdiction of, among other things, "[a] proceeding for direct review of a final decision, finding, ruling, determination, or order of an agency relating to assessment, valuation, rates, special assessments, allocation, or equalization, under property tax laws." MCL 205.731(a); MSA 7.650(31)(a). Proceedings before the tribunal are de novo. MCL 205.735(1); MSA 7.650(35)(1). However, "[f]or an assessment dispute as to the valuation of the property or where an exemption is claimed, the assessment

---

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

must be protested before the board of review before the tribunal may acquire jurisdiction of the dispute under subsection (2), except as provided" in certain subsections not relevant to this case. MCL 205.735(1); MSA 7.650(35)(1). Thus, a protest of an assessment before the local board of review is clearly required before the tribunal may acquire jurisdiction. *Parkview Memorial Ass'n v Livonia,* 183 Mich App 116, 118; 454 NW2d 169 (1991).

There is a judicially created exception to the exhaustion requirement for cases where appeal to the administrative agency would be futile. *Turner v Lansing Twp,* 108 Mich 103, 108; 310 NW2d 287 (1984). However, it must be "*clear* that an appeal to an administrative board is an exercise in futility and nothing more than a formal step on the way to the courthouse." *Id.* (emphasis added). We now turn to the relevant provisions of the property tax laws.

In 1991, the assessment act was amended to provide for a tax freeze in 1992. The statute provided that "[i]n 1992, the assessment as equalized for the 1991 tax year shall be used on the assessment roll and shall be adjusted only to reflect additions and losses . . . and splits and combinations." MCL 211.10(2) and (5)(a); MSA 7.10(2) and (5)(a). The statute provides further that "[t]he board of review . . . shall convene and fulfill its required duties except that only appeals concerning the valuation of property for which additions and losses and splits and combinations allowed under subsection (2) have occurred, appeals under subsection (9), and exemptions shall be heard." MCL 211.10(5)(c); MSA 7.10(5)(c). "A person whose appeal is not permitted under subsection (5)(c) for 1992 may appear before the 1992 board of review to protest the 1991 assessment used for the 1992 assessment and any change in the assessment

determined appropriate by the board of review shall be documented and immediately forwarded to the local assessor but shall not affect the 1991 assessment used for the 1992 assessment. The assessor shall consider the information in preparing the 1993 assessment and the board of review meeting in March of 1993 shall consider this information in reviewing appeals of 1993 assessments." MCL 211.10(7); MSA 7.10(7). "An appearance under subsection (7) shall be considered a protest for all purposes required by law." MCL 211.10(8); MSA 7.10(8).

We note first that the 1992 board was empowered to hear only certain kinds of "appeals," not including defendant's. See MCL 211.10(5)(c); MSA 7.10(5)(c). The statute allows a person who is not allowed to "appeal" to instead "*appear*" before the board and further provides that such an "*appearance*" shall be considered a protest for all purposes required by law, presumably including the exhaustion requirement. See MCL 211.10(7) and (8); MSA 7.10(7) and (8). However, this appearance was in order to protest the "1991 assessment used for the 1992 assessment," not to challenge the 1992 assessment. Thus, apart from fulfilling the exhaustion requirement and having some bearing on the 1993 assessment, this "appearance" could not affect petitioner's 1992 assessment because its appeal was not of the kind the 1992 board was empowered to hear. We therefore conclude that appearing before the board in this case would have been, at least in regards to the 1992 assessment, "an exercise in futility and nothing more than a formal step on the way to the courthouse." See *Turner, supra* at 108.

We agree with petitioner that dismissal in this case was improper and deprived it of due process of law.

Reversed.