## L & L WINE AND LIQUOR CORPORATION
## v LIQUOR CONTROL COMMISSION

Docket No. 271942. Submitted January 9, 2007, at Lansing. Decided January 16, 2007. Approved for publication February 22, 2007, at 9:15 a.m.

L & L Wine and Liquor Corporation, a licensed wine wholesaler, brought an action in the Ingham Circuit Court against the Liquor Control Commission, seeking a declaratory judgment that the acquisition of its stock by a licensed wine wholesaler that is a subsidiary of an authorized distribution agent would not implicate the restrictions found in MCL 436.1205(3) concerning the ability of two wine wholesalers to distribute the same brand of wine in the same territory under certain circumstances. The Michigan Beer & Wine Wholesalers Association intervened as a defendant. The court, Laura L. Baird, J., dismissed the plaintiff's claims, concluding that the court lacked subject-matter jurisdiction because the plaintiff had failed to exhaust its administrative remedies before the commission. The plaintiff appealed.

The Court of Appeals *held*:

The trial court did not err by dismissing the plaintiff's claims. Under the Michigan Liquor Control Code, MCL 436.1101 *et seq.*, the commission has the authority to approve the proposed stock transfer. The commission has a set of administrative rules governing requests for declaratory relief: 1999 AC, R 436.1971 through 436.1975. Thus, the commission has exclusive jurisdiction to issue a declaratory ruling in this case. If an administrative tribunal's jurisdiction is exclusive, a court cannot exercise jurisdiction over the same area. The plaintiff has not shown that requiring it to exhaust its administrative remedies would be futile or that the remedies available before the commission are inadequate. Moreover, disputed questions of material fact remain regarding whether the stock transfer will create an entity that is both a wholesaler and an authorized distribution agent and thus subject to the restrictions of MCL 436.1205(3). The commission is the agency with the authority and expertise to resolve this dispute.

Affirmed.

*Honigman Miller Schwartz and Cohn* (by *Peter M. Alter* and *Douglas C. Salzenstein*) for L & L Wine and Liquor Corporation.

*Michael A. Cox*, Attorney General, *Thomas L. Casey*, Solicitor General, and *Darnelle Dickerson*, Assistant Attorney General, for the Liquor Control Commission.

*Willingham & Coté, P.C.* (by *Anthony S. Kogut* and *Matthew K. Payok*), for the Michigan Beer & Wine Wholesalers Association.

Before: MURRAY, P.J., and FITZGERALD and OWENS, JJ.

PER CURIAM. In this action involving the Michigan Liquor Control Code, MCL 436.1101 *et seq.*, plaintiff appeals as of right a final order dismissing its claims for lack of subject-matter jurisdiction. We affirm.

I. INTRODUCTION

Defendant, the Michigan Liquor Control Commission, regulates the sale and distribution of alcoholic liquor in Michigan. Plaintiff is a Michigan corporation that operates as a licensed wine wholesaler in this state. National Wine & Spirits, LLC (National LLC), is also a licensed wine wholesaler in Michigan. NWS Michigan, Inc. (NWS), is an authorized distribution agent (ADA) of the commission. National LLC is a wholly owned subsidiary of NWS. The owners of plaintiff's outstanding shares entered into a stock-purchase agreement with National LLC for the latter to purchase plaintiff's stock. Without first initiating formal proceedings before the commission, plaintiff sought a declaratory judgment in the circuit court that this stock acquisition would not implicate the dualing restrictions embodied in MCL 436.1205(3). The trial court ultimately con-

cluded that it lacked subject-matter jurisdiction because plaintiff had failed to exhaust its administrative remedies before the commission.

## II. EXHAUSTION OF ADMINISTRATIVE REMEDIES

We hold that the circuit court did not err in concluding that plaintiff was required to exhaust its administrative remedies in the commission before filing suit in the circuit court. We review de novo jurisdictional questions under MCR 2.116(C)(4), *Travelers Ins Co v Detroit Edison Co*, 465 Mich 185, 205; 631 NW2d 733 (2001), and, in doing so, we "must determine whether the affidavits, together with the pleadings, depositions, admissions, and documentary evidence, demonstrate . . . [a lack of] subject matter jurisdiction," *CC Mid West v McDougall*, 470 Mich 878, 878 (2004); MCR 2.116(G)(5).

"Circuit courts are courts of general jurisdiction . . . ." *Papas v Gaming Control Bd*, 257 Mich App 647, 657; 669 NW2d 326 (2003). But "if the Legislature has expressed an intent to make an administrative tribunal's jurisdiction exclusive, then the circuit court cannot exercise jurisdiction over those same areas." *Citizens for Common Sense in Gov't v Attorney General*, 243 Mich App 43, 50; 620 NW2d 546 (2000). "As long as the statutory language chosen by the Legislature establishes the intent to endow the state agency with exclusive jurisdiction, courts must decline to exercise jurisdiction until all administrative proceedings are complete." *Papas, supra* at 657.

As established by the code, pursuant to Const 1963, art 4, § 40, the commission has "the *sole* right, power, and duty to control the alcoholic beverage traffic and traffic in other alcoholic liquor within this state, including the manufacture, importation, possession, transpor-

tation and sale thereof." MCL 436.1201(2) (emphasis supplied). As noted, this dispute concerns whether a proposed transfer of the stock of a licensed wine wholesaler to another licensed wine wholesaler wholly owned by a Michigan ADA implicates the dualing provisions of MCL 436.1205(3). This is plainly within the jurisdiction of the commission. The code directs that "[a] license or an interest in a license shall not be transferred from 1 person to another without the prior approval of the" commission. MCL 436.1529(1). Such a transfer includes "the transfer in the aggregate to another person . . . of more than 10% of the outstanding stock of a licensed corporation . . . ." *Id.* The commission is expressly vested with "the sole right, power, and duty to control the alcoholic beverage traffic" in Michigan. MCL 436.1201(2). The dualing restrictions of MCL 436.1205(3) plainly concern alcohol trafficking.

Given that the code expressly vests the commission with the authority to approve the proposed transfer, MCL 436.1201(2) and 436.1529(1), and that the commission has created administrative rules with specific procedures to address requests for declaratory relief, 1999 AC, R 436.1971 through 436.1975,[1] we conclude that the commission enjoys exclusive jurisdiction to issue a declaratory ruling in this dispute. Cf. *Papas, supra* at 657-661; see also *Southland Corp v Liquor Control Comm*, 95 Mich App 466, 473-474; 291 NW2d 84 (1980). The circuit court therefore correctly determined that plaintiff was required to exhaust its administrative remedies before invoking the court's jurisdiction. *Papas, supra* at 657.

However, exhaustion of administrative remedies is not an absolute condition precedent to judicial intervention. As discussed below, various exceptions to the

---

[1] See MCL 436.1215(1) and MCL 24.263.

exhaustion requirement are recognized. Although plaintiff argues that this case falls within four exceptions to the exhaustion requirement, we conclude that it does not fall within any.

### III. EXCEPTIONS TO THE EXHAUSTION RULE

#### A. FUTILITY

Plaintiff first argues that requiring exhaustion would be futile. "There is a judicially created exception to the exhaustion requirement for cases where appeal to the administrative agency would be futile." *Manor House Apartments v City of Warren*, 204 Mich App 603, 605; 516 NW2d 530 (1994). To invoke this exception, "it must be '*clear* that an appeal to an administrative board is an exercise in futility and nothing more than a formal step on the way to the courthouse.' " *Id.* (citation omitted). Futility will not be presumed; courts assume that the administrative process will properly correct alleged errors. *Huron Valley Schools v Secretary of State*, 266 Mich App 638, 649; 702 NW2d 862 (2005).

As previously noted, the code directs the commission to promulgate "rules and regulations governing the carrying out of" the code's provisions, pursuant to the Administrative Procedures Act, MCL 24.201 *et seq.* MCL 436.1215(1). The commission has, in fact, established procedures whereby an "interested person" may seek a declaratory judgment "as to the applicability to an actual state of facts of a statute, rule, or order" of the commission, 1999 AC, R 436.1971(1); see also 1999 AC, R 436.1973 and 436.1975. Judicial review of such a ruling is available. MCL 24.263 and 24.301.

We conclude that plaintiff has failed to demonstrate that requiring exhaustion would be clearly futile. *Manor House Apartments, supra* at 605. Before proceed-

ing in the circuit court, plaintiff informally met with various individuals at the commission. Plaintiff contacted and had various meetings with commission chairwoman Nida Samona, all of which were on an expedited basis and initiated by its informal contact with her. Plaintiff did not request a declaratory ruling, and although it presented its proposed interpretation of MCL 436.1205(3) to various members of the commission, the commission never issued (nor was it requested to issue) a ruling on plaintiff's position. Instead, at plaintiff's request, Samona authored a letter indicating that *she* concluded that the proposed stock sale did not implicate the code's dualing provisions. Samona later retracted this position in a second letter to plaintiff, explicitly informing plaintiff that the commission had "not taken a position on this matter."[2] The commission "did not conduct a hearing, make any findings of fact, or make a decision." *Huron Valley Schools, supra* at 650. Had plaintiff properly petitioned the commission for relief, it would have been bound to consider plaintiff's request, Rule 436.1973, but it was not bound by Samona's initial opinion or retraction, MCL 436.1209(2) and (3). "A mere expectation that an administrative agency will act a certain way is insufficient to satisfy the futility exception." *Huron Valley Schools, supra* at 649-650.

### B. INADEQUATE REMEDY

Plaintiff next argues that the remedy available before the commission is inadequate. We disagree. "Exhaustion of administrative remedies . . . will not be required if review of the agency's final decision would

---

[2] It is plainly the case that a single commissioner has no authority to bind the commission. See MCL 436.1209(2) and (3).

provide an inadequate remedy." *Huggett v Dep't of Natural Resources*, 232 Mich App 188, 191-192; 590 NW2d 747 (1998).

> A remedy is not "inadequate" so as to authorize judicial intervention before exhaustion of the remedy merely because it is attended with delay, expense, annoyance, or even some hardship. There must be something in the nature of the action or proceeding that indicates to the court that it will not be able to protect the rights of the litigants or afford them adequate redress otherwise than through the exercise of this extraordinary jurisdiction. [*Bennett v Royal Oak School Dist*, 10 Mich App 265, 269; 159 NW2d 245 (1968) (citations omitted).]

The procedures available before the commission offer plaintiff an adequate remedy. Plaintiff argues that, because the commission ostensibly opted to "reserve decision" indefinitely, its remedy is inadequate because plaintiff will suffer significant harm to its commercial interests in the interim. Assuming that this is still the case,[3] it is simply insufficient to demonstrate the inadequacy of the remedy available before the commission. The commission is empowered to issue a declaratory ruling that it will administer MCL 436.1205(3) as plaintiff urges. MCL 436.1201(2); 1999 AC, R 436.1971 through 436.1975. This is the precise remedy that plaintiff sought before the circuit court. The nature of the proceedings before the commission are not of a type that indicates that plaintiff's rights will be unprotected or that plaintiff will be unable to seek adequate redress.

---

[3] Samona's October 21, 2005, letter to plaintiff indicated that she was reserving a decision in light of the Supreme Court's decision to hear oral argument on the application for leave to appeal this Court's decision in *Nat'l Wine & Spirits Inc v Michigan*, unpublished opinion per curiam of the Court of Appeals, issued March 25, 2004 (Docket No. 243524). Although the Court subsequently granted leave to appeal, 474 Mich 1009 (2006), leave was thereafter vacated. 477 Mich 935 (2006).

*Bennett, supra* at 269. Nor does plaintiff challenge the authority of the commission to act. Cf. *Huggett, supra* at 191-193 (excepting from the exhaustion requirement a claim "that the Legislature exempted the proposed activity from [the] defendant's regulation"). Plaintiff claims that the commission's delay will cause it irreparable harm. But mere "delay, expense, annoyance, or even some hardship" is insufficient to establish the inadequacy of a legal remedy. *Bennett, supra* at 269. Plaintiff's risk of harm has not been caused by the commission's failure to provide a remedy. Had plaintiff availed itself of the procedures for seeking a declaratory judgment from the commission, the commission would have been bound to timely respond. 1999 AC, R 436.1971 through 436.1975. Plaintiff is the ultimate cause of any delay and resulting harm it has suffered.

### C. A LEGAL QUESTION

Plaintiff next argues that exhaustion is not required here because it merely seeks a declaratory judgment based on undisputed facts. We conclude that disputed questions of material fact remain. The pivotal issue in this dispute is under what circumstances an entity may "indirectly become[]" an ADA and a wholesaler.[4] MCL

---

[4] Ultimately, in many circumstances, whether an entity has "indirectly become[]" an ADA-wholesaler is a question of fact. MCL 436.1205(3). A determination of "indirectly becoming" will depend on a variety of factors, such as whether the entities are commonly owned or controlled, whether their storage or distribution networks are merged, whether the corporate structure and function of each entity remain independent, and whether the entities are independent or interdependent. Though no single inquiry is necessarily determinative, whether an entity is effectively both an ADA and a wholesaler is the lodestar to assessing "indirectly becoming." MCL 436.1205(3). We note that the question could prove to be one of law, as when the facts are undisputed, MCR 2.116(C)(10), or the circumstances plainly satisfy the "become[]" threshold of MCL 436.1205(3), see *Kreiner v Fischer*, 471 Mich 109, 132-134;

436.1205(3). We find the record to be insufficiently developed to address this question, and the commission is the legal entity bestowed with the authority and expertise to resolve this dispute in the first instance.

### D. REMAINING POLICY ARGUMENTS

We also reject plaintiff's final argument that requiring the exhaustion of remedies before the commission would not serve the policies underlying the exhaustion requirement. The purposes of requiring the exhaustion of administrative remedies are (1) to prevent an untimely intrusion by the courts resulting in delays and disruption of an administrative scheme, (2) to ensure that appellate review occurs with a fully developed record, (3) to ensure that required agency expertise and technical competency is afforded in the process, and (4) to afford the agency an opportunity to resolve the dispute without judicial intervention. *Genesis Center, PLC v Financial & Ins Comm'r*, 246 Mich App 531, 543; 633 NW2d 834 (2001). Exhaustion will not be required when doing so " 'would run counter to the policies which underlie the doctrine.' " *Citizens for Common Sense, supra* at 53 (citation omitted).

We conclude that requiring plaintiff to exhaust its remedies before the commission furthers the policies

683 NW2d 611 (2004) (requiring courts to engage in an evaluation of whether a statutory threshold is satisfied). The record in this case is insufficiently developed, and the relevant evidence needs to be presented to the commission.

The record merely discloses that National LLC, a wholly owned subsidiary of NWS, which is an ADA, will acquire plaintiff through the stock purchase. The record is not clear concerning the resulting relationship between plaintiff and NWS. Yet this is the pivotal inquiry: whether this relationship has effectively created an entity that is both an ADA and a wholesaler, so as to invoke the dualing restrictions in MCL 436.1205(3).

underlying the doctrine. First, "the liquor industry is a pervasively regulated industry." *People v Thomas*, 201 Mich App 111, 119; 505 NW2d 873 (1993). MCL 436.1201 affords the commission broad regulatory authority over the traffic of liquor in Michigan. The commission has promulgated copious regulations governing this trafficking, see 1999 AC, R 436.1001 *et seq.*, including regulations specifically governing its issuance of declaratory rulings, see 1999 AC, R 436.1971 through 436.1975. This broad regulatory authority suggests that the commission has established a comprehensive administrative scheme, to which plaintiff has recourse. Second, as we have noted, a more fully developed record is essential to resolving the merits of this dispute. See n 4 of this opinion.

Third, this dispute does not involve merely a question of statutory interpretation. The precise inquiry is what effect a stock-purchase agreement will have on the resulting relationship between plaintiff and NWS, and whether this relationship effectively creates a single entity for the purposes of MCL 436.1205(3). The extent of plaintiff's distribution network and its appointed territories and the existence of third-party "dualed" wine wholesalers within the same region are also tangentially related inquiries, see MCL 436.1305 and 436.1307, because they may ultimately affect plaintiff's capacity to be "dualed," MCL 436.1205(3). Such inquiries implicate the commission's unique expertise in this heavily regulated area. Finally, given that plaintiff utterly failed to invoke the procedures for seeking declaratory relief before the commission, see 1999 AC, R 436.1971 through 436.1975, it merely speculates that the commission would not have afforded it relief. This is insufficient to demonstrate that judicial intervention was inevitable.

Because of our resolution of plaintiff's appeal, we decline to address intervening defendant's cross-appeal.

Affirmed.