Corrigan, J.
(concurring). In this zoning action, we consider whether the ripeness doctrine barred plaintiffs’ exclusionary zoning claim and, if so, whether the Court of Appeals majority properly held that defendant township’s previous denials of plaintiffs’ application to rezone their property for a less intensive land use excused plaintiffs from having to formally pursue an application for a more intensive land use under the futility exception to the rule of finality. I concur in the result of the lead opinion, which holds that plaintiffs’ exclusionary zoning claim is not ripe for judicial review. However, I cannot join its reasoning. I write separately to provide my analysis for concluding that plaintiffs’ as applied exclusionary zoning claim is not ripe for judicial review and that the futility exception to the rule of finality is inapplicable.
I. THE COURT OF APPEALS MAJORITY OPINION
After acknowledging the connection between the ripeness doctrine and the rule of finality in zoning actions, the Court of Appeals majority concluded that it was unnecessary to determine whether plaintiffs’ exclusionary zoning claim constituted either a “facial” or an *586 “as applied” challenge to defendant’s zoning ordinance.[1] The majority also concluded that it was unnecessary to determine whether plaintiffs’ exclusionary zoning claim was subject to the rule of finality, “holding that further township proceedings would have been futile assuming application of the rule.”[2]
[3]The Court of Appeals majority reasoned that although plaintiffs had presented defendant an application to rezone their property as a 95-unit planned unit development (PUD) and not as a 498-unit manufactured housing community (MHC), “presenting an MHC application to the township would have been an exercise in futility and nothing more than a formal step to the courthouse.”[8] The majority, therefore, held that the doctrine of ripeness did not bar plaintiffs’ action.
II. RIPENESS AND FINALITY IN ZONING
The Court of Appeals majority properly acknowledged the interrelation between the ripeness doctrine and the rule of finality in our zoning jurisprudence. At common law, the ripeness doctrine is one of several justiciability doctrines developed “to ensure that cases before the courts are appropriate for judicial action.”[4] Generally, “[a] claim is not ripe if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all.”[5] “ Tn land use challenges, the doctrine of ripeness is intended to avoid premature *587 adjudication or review of administrative action.’ ”[6] The rationale of the ripeness doctrine in zoning actions “ ‘rests upon the idea that courts should not decide the impact of regulation until the full extent of the regulation has been finally fixed and the harm caused by it is measurable.’ ”[7]
In Electro-Tech, Inc v H F Campbell Co, 433 Mich 57; 445 NW2d 61 (1989), this Court discussed the connection between the ripeness doctrine and the rule of finality in deciding whether the taking claim alleged by the plaintiff property owner was ripe for adjudication. Electro-Tech introduced its discussion of finality with the following observation from Williamson Co Regional Planning Comm v Hamilton Bank of Johnson City, 473 US 172; 105 S Ct 3108; 87 L Ed 2d 126 (1985), about the conceptual distinction between the exhaustion of administrative remedies and the finality of the administrative decision:
“The question whether administrative remedies must be exhausted is conceptually distinct... from the question whether an administrative action must be final before it is judicially reviewable. While the policies underlying the two concepts often overlap, the finality requirement is concerned with whether the initial decisionmaker has arrived at a definitive position on the issue that inflicts an actual, concrete injury; the exhaustion requirement generally refers to administrative and judicial procedures by which an injured parly may seek review of an adverse decision and obtain a remedy if the decision is found to be unlawful or otherwise inappropriate.”[8]
Electro-Tech stated that the first finality requirement under Williamson required “the plaintiff [to] obtain a *588 final decision regarding the application of the zoning ordinance and subdivision regulations to its property.”[9] “The second finality requirement set forth by the Williamson Court is that a taking claim is not ripe until a plaintiff has sought compensation through state procedures.”[10] Electro-Tech concluded that the plaintiff, at most, had satisfied the second Williamson finality requirement and held that “because the conditional approval of the plaintiffs site plan was not the city’s final disposition of the matter, we hold that the plaintiffs action under 42 USC1983 was not ripe for adjudication.” [11]
This Court also addressed the import of Electro-Tech and the finality requirements of Williamson in subsequent cases. For example, Paragon stated that ElectroTech “expressly adopted the Williamson finality requirements ... .”[12] Paragon also reaffirmed that the rule of finality or the first finality requirement of Williamson “ ‘is concerned with whether the initial decisionmaker has arrived at a definitive position on the issue that inflicts an actual, concrete injury....’ ”[13] Additionally, Paragon observed that “Williamson articulated the need for finality in the context of land use regulation.”[14] The interrelation between the ripeness doctrine and the rule of finality is so *589 embedded in our zoning jurisprudence that this Court has occasionally discussed the two concepts interchangeably.[15] In any event, I would conclude that this Court’s discussions concerning the ripeness doctrine and the rule of finality in Electro-Tech and Paragon remain equally instructive today.
III. “FACIAL’ AND “AS APPLIED” CHALLENGES
While the Court of Appeals majority acknowledged the connection between the ripeness doctrine and the rule of finality, it erroneously concluded that it was unnecessary to determine whether plaintiffs’ exclusionary zoning claim constituted a facial or an as applied challenge to defendant’s zoning ordinance. The lead opinion repeats this error by failing to define plaintiffs’ exclusionary zoning claim as either a facial or an as applied challenge. In so doing, the lead opinion blurs the established distinctions between facial and as applied challenges and sidesteps any substantive discussion about the differing ripeness and finality analyses applicable to each type of challenge.
As the lead opinion explains in part, a facial challenge to the validity of a zoning ordinance asserts that “the mere existence and threatened enforcement of the ordinance materially and adversely affects values and curtails opportunities of all property regulated in the market.”[16] By contrast, “[a]n ‘as applied’ challenge alleges a present infringement or denial of a specific right or of a *590 particular injury in process of actual execution.”[17] Whether it is analyzed under 42 USC 1983 as a denial of equal protection, as a deprivation of due process under the Fourteenth Amendment, or as a taking under the Just Compensation Clause of the Fifth Amendment, an as applied challenge is subject to the rule of finality.[18] This contrasts with a facial challenge, to which the rule of finality does not apply because “such challenges attack the very existence or enactment of an ordinance.”[19] Simply stated, the threshold issues posed by the rule of finality and the ripeness doctrine do not apply to facial challenges to a zoning ordinance.[20]
Accordingly, it is essential to first resolve the question avoided by the Court of Appeals majority and the lead opinion: whether plaintiffs’ exclusionary zoning claim constituted a facial or an as applied challenge. This determination is the critical starting point in any analysis of the extent to which the ripeness doctrine and the rule of finality apply in this case. Defendant urges this Court to conclude that plaintiffs’ exclusionary zoning claim is not ripe for adjudication because plaintiffs neither sought nor obtained a decision concerning their contemplated development of a 498-unit *591 MHC from defendant before filing suit. Plaintiffs respond that their exclusionary zoning claim presents a facial challenge, which is ripe for adjudication as a matter of law under Paragon. I disagree with plaintiffs’ contention.
A review of plaintiffs’ multicount complaint reveals that plaintiffs alleged facial and as applied challenges in four counts, including a denial of equal protection, a deprivation of substantive due process, a regulatory taking, and a statutory exclusionary zoning claim. Yet plaintiffs’ exclusionary zoning claim does not amount to a facial challenge because the claim does not allege that “the mere existence and threatened enforcement of the ordinance materially and adversely affects values and curtails opportunities of all property regulated in the market.”[21] Instead, plaintiffs’ exclusionary zoning claim alleges “a present infringement or denial of a specific right,” namely plaintiffs’ right to develop a 498-unit MHC on their property.[22] Alternatively, the complaint alleges that plaintiffs suffered “a particular injury in [the] process of actual execution” or enforcement of defendant’s zoning ordinance.[23] Because plaintiffs’ exclusionary zoning claim challenges the infringement of a specific right or aspects of the enforcement of the zoning ordinance, I would conclude that plaintiffs presented an as applied challenge.[24]
Even though I conclude that plaintiffs’ exclusionary zoning claim is an as applied challenge, I emphasize *592 that future litigants should not endeavor to avoid the threshold issues of ripeness and finality by masking an as applied challenge as a facial challenge. As Judge Easterbrook of the United States Court of Appeals for the Seventh Circuit aptly observed:
[A] property owner may not avoid Williamson by applying the label “substantive due process” to the claim. So too with the label “procedural due process.” Labels do not matter. A person contending that state or local regulation of the use of land has gone overboard must repair to state court.[25]
Judge Easterbrook’s statement is similarly persuasive when considering the substance of a zoning challenge. Whether the challenge is labeled “facial” or “as applied,” it is not the label that matters. Instead, a reviewing court should analyze the substance of the challenge and what that challenge requires the court to resolve.[26]
IV THE FUTILITY EXCEPTION TO THE RULE OF FINALITY
Having concluded that plaintiffs presented an as applied challenge to defendant’s zoning ordinance, I would hold that both the ripeness doctrine and the rule of finality apply to plaintiffs’ exclusionary zoning claim, consistent with Paragon. That conclusion does not end my analysis. As the Court in Paragon implicitly recognized, a judicially created futility exception to the rule of finality exists.[27] In order to invoke the futility excep *593 tion, “ ‘it must be “clear that an appeal to an administrative board is an exercise in futility and nothing more than a formal step on the way to the courthouse.” ’ ”[28] Additionally, federal common law generally recognizes that the plaintiff must submit at least one “meaningful application” to the local zoning agency before asserting the applicability of the futility exception.[29] Further, federal caselaw confirms that “[t]he futility exception is narrow, and mere uncertainty does not establish futility.”[30]
I am not persuaded that the futility exception to the rule of finality applied in this case. Contrary to the Court of Appeals majority, I think that it is unclear whether plaintiffs’ pursuing an application for a 498-unit MHC development would have been little more than a formal step to the courthouse. I agree with the lead opinion that defendant’s previous denials of plaintiffs’ application to rezone their property for a 95-unit PUD does not summarily establish that it would have been futile for plaintiffs to apply for a more intensive land use, including the 498-unit MHC development eventually sought by plaintiffs in the trial court. “Land *594 use planning is not an all-or-nothing proposition.”[31] The denial of one proposed development by a local zoning agency “cannot be equated with a refusal to permit any development.. . .”[32]
Moreover, I agree with the lead opinion insofar as it concludes that plaintiffs failed to submit at least one meaningful application to defendant. As MacDonald stated, “[r]ejection of exceedingly grandiose development plans does not logically imply that less ambitious plans will receive similarly unfavorable reviews.”[33] In the same fashion, it stands to reason that the rejection of a less intensive land use does not offer a fair indication of how the local zoning authority would receive a comprehensive proposal for a more intensive land use.[34] In either instance, the plaintiff has not filed one meaningful application, and the local zoning authority is deprived of the opportunity to reach “a final, definitive position regarding how it will apply the regulations at issue to the particular land in question.”[35]
The bottom line is that this Court cannot decide whether defendant is, in fact, excluding MHCs without first knowing how the township would have responded to a proposed MHC development within the township. *595 In other words, this Court cannot conclude that the township is excluding MHCs when nobody has ever asked the township for permission to develop a MHC. Just as this Court held in Mich Chiropractic Council, 475 Mich at 382, that the issue was not ripe for review in that case because the plaintiffs had not yet suffered an “actual... injury,” the issue in the instant case is also not ripe because plaintiffs have not yet suffered an actual injury. Plaintiffs have not yet been injured because the township has not yet refused to allow them to use their property for an MHC since plaintiffs have not yet made such a request to the township. “[A] landowner must give a land-use authority an opportunity to exercise its discretion . .. .”[36] Here, the township never had an opportunity to exercise its discretion regarding the contemplated 498-unit MHC development.
V CONCLUSION
Plaintiffs’ exclusionary zoning claim is not ripe for adjudication because plaintiffs neither sought nor obtained a decision concerning their contemplated development of a 498-unit MHC before filing suit. I would hold that plaintiffs’ as applied challenge to the validity of defendant’s zoning ordinance is subject to the threshold doctrine of ripeness and the interrelated rule of finality. Because plaintiffs cannot cross this threshold and because the futility exception to the rule of finality is inapplicable in this case, I would reverse the judgment of the Court of Appeals.
Young and Markman, JJ., concurred with Corrigan, J.

 Hendee v Putnam Twp, unpublished opinion per curiam of the Court of Appeals, issued August 26, 2008 (Docket Nos. 270594 and 275469).

 Id. at 6.

 Id. at 7.

 Mich Chiropractic Council v Comm’r of the Office of Fin & Ins Servs, 475 Mich 363, 370; 716 NW2d 561 (2006).

 Id. at 371 n 14 (citation and quotation marks omitted).

 Paragon Props Co v City of Novi, 452 Mich 568, 579 n 12; 550 NW2d 772 (1996), quoting Herrington v Sonoma Co, 834 F2d 1488, 1494 (CA9, 1987).

 Paragon, 452 Mich at 579 n 12, quoting Herrington, 834 F2d at 1494.

 Electro-Tech, 433 Mich at 80-81, quoting Williamson, 473 US at 192-193.

 Electro-Tech, 433 Mich at 81.

 Id. at 87:

 Id. at 91.

 Paragon, 452 Mich at 578.

 Id. at 577, quoting Williamson, 473 US at 193; see also MacDonald, Sommer & Frates v Yolo Co, 477 US 340, 348; 106 S Ct 2561; 91 L Ed 2d 285 (1986) (“It follows from the nature of a regulatory takings claim that an essential prerequisite to its assertion is a final and authoritative determination of the type and intensity of development legally permitted on the subject property. A court cannot determine whether a regulation has gone “too far” unless it knows how far the regulation goes.”) (emphasis added).

 Paragon, 452 Mich at 577.

 See, e.g., Bevan v Brandon Twp, 438 Mich 385, 392 n 8; 475 NW2d 37 (1991) (stating that the plaintiffs’ claim “falls short of compliance with finality (ripeness) requirements laid down in Williamson Co Regional Planning Comm v Hamilton Bank of Johnson City, 473 US 172; 105 S Ct 3108; 87 L Ed 2d 126 [1985], and applied by this Court in Electro-Tech, supra.”).

 Paragon, 452 Mich at 576, citing Village of Euclid v Ambler Realty Co, 272 US 365, 395; 47 S Ct 114; 71 L Ed 303 (1926).

 Paragon, 452 Mich at 576, citing Euclid, 272 US at 395.

 Paragon, 452 Mich at 576; see also Lake Angelo Assoc v White Lake Twp, 198 Mich App 65, 71; 498 NW2d 1 (1993) (“[W]hen our Supreme Court followed Williamson, it logically adopted the finality requirement to claims based on the Fifth and Fourteenth Amendments, not just to actions based on [42 USC] 1983.”).

 Paragon, 452 Mich at 577.

 As the United States Supreme Court explained, “ ‘facial’ challenges ... are generally ripe the moment the challenged regulation or ordinance is passed, but face an ‘uphill battle,’ since it is difficult to demonstrate that ‘ “mere enactment” ’ of a piece of legislation ‘deprived [the owner] of economically viable use of [his] property.’ ” Suitum v Tahoe Regional Planning Agency, 520 US 725, 736 n 10; 117 S Ct 1659; 137 L Ed 2d 980 (1997) (citations omitted).

 Paragon, 452 Mich at 576, citing Euclid, 272 US at 395.

 Paragon, 452 Mich at 576, citing Euclid, 272 US at 395.

 Paragon, 452 Mich at 576, citing Euclid, 272 US at 395.

 See Susan R Bruley Trust v City of Birmingham, 259 Mich App 619, 626; 675 NW2d 910 (2003) (concluding that because the plaintiffs complaint did not dispute any aspect of the execution or enforcement of the zoning ordinance, it presented a facial challenge).

 River Park, Inc v Highland Park, 23 F3d 164, 167 (CA 7, 1994) (citation omitted).

 See Smookler v Wheatfield Twp, 394 Mich 574, 581; 232 NW2d 616 (1975) (opinion by Williams, J.) (“[W]hen confronted with a regulation invalid on its face, it is not necessary for this Court to examine the reasonableness of the ordinance as applied to plaintiffs’ land.”) (emphasis added).

 Paragon rejected the plaintiffs argument that it would have been futile to seek a use variance from the defendant’s zoning hoard of *593 appeals. Paragon, 452 Mich at 581-583. As the lead opinion correctly notes, our Court of Appeals has discussed the futility exception at greater length in more recent opinions. See, e.g., L & L Wine & Liquor Corp v Liquor Control Comm, 274 Mich App 354, 358; 733 NW2d 107 (2007).

 L & L Wine, 274 Mich App at 358, quoting Manor House Apartments v City of Warren, 204 Mich App 603, 605; 516 NW2d 530 (1994).

 See Bannum Inc v City of Louisville, 958 F2d 1354, 1363 (CA 6, 1992) (“For the exception to be available to an aggrieved landowner, the landowner must have submitted at least one ‘meaningful application’ for a variance from the challenged zoning regulations.”); see also MacDonald, 477 US at 353 n 8 (“The implication is not that future applications would be futile, but that a meaningful application has not yet been made.”).

 Manufactured Home Communities Inc v City of San Jose, 420 F3d 1022, 1035 (CA 9, 2005).

 MacDonald, 477 US at 347.

 Id.

 Id. at 353 n 9.

 One of the reasons that defendant rejected the 95-unit PUD was because it determined that there was no additional need for that use as there was already sufficient property zoned for PUDs in the township. If plaintiffs had submitted their MHC proposal to the township, the township would have had the opportunity to determine whether there was a need for MHCs in the township that was not being fulfilled. However, because plaintiffs never requested rezoning for that purpose, there is no way to know what the township would have done.

 Williamson, 473 US at 191.

 Palazzolo v Rhode Island, 533 US 606, 620; 121 S Ct 2448; 150 L Ed 2d 592 (2001).