# STATE OF MICHIGAN

# COURT OF APPEALS

LATAUSHA FAITH SIMMONS,

Plaintiff-Appellant,

v

SECRETARY OF STATE,

Defendant-Appellee.

UNPUBLISHED
May 15, 2018

No. 337578
Wayne Circuit Court
LC No. 17-000750-CZ

Before: O'CONNELL, P.J., and HOEKSTRA and K. F. KELLY, JJ.

PER CURIAM.

Plaintiff, LaTausha Simmons, appeals as of right the trial court's order granting summary disposition in favor of defendant, the Secretary of State, under MCR 2.116(C)(4) (lack of subject-matter jurisdiction) and (C)(8) (failure to state a claim). We affirm.

Simmons sued defendant after defendant declined to renew her driver's license because of unpaid parking tickets. Defendant moved for summary disposition pursuant to MCR 2.116(C)(4) and (C)(8), and the trial court granted defendant's motion on both grounds. On appeal, Simmons contends that the trial court erred when it determined that it did not have subject-matter jurisdiction to hear Simmons's claim and denied Simmons's request for leave to amend her complaint. We reject Simmons's first argument and decline to address the second.

We review de novo a trial court's decision to grant summary disposition. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). We also review de novo questions of subject-matter jurisdiction and statutory interpretation. *Forest Hills Coop v Ann Arbor*, 305 Mich App 572, 616; 854 NW2d 172 (2014). In reviewing a motion under MCR 2.116(C)(4), which provides for summary disposition for lack of subject-matter jurisdiction, "we must determine whether the affidavits, together with the pleadings, depositions, admissions, and documentary evidence, demonstrate" that the trial court lacked subject-matter jurisdiction. *L & L Wine & Liquor Corp v Liquor Control Comm*, 274 Mich App 354, 356; 733 NW2d 107 (2007) (quotation marks and citations omitted).

Simmons first contends that the trial court erred by concluding that it lacked subject-matter jurisdiction. Trial courts derive jurisdiction from the Michigan Constitution or a statute conferring jurisdiction. *Harris v Vernier*, 242 Mich App 306, 319-320; 617 NW2d 764 (2000). A court's jurisdiction depends on the type of case, not "the particular facts of a case." *Id*. at 319. In this case, MCL 257.323 provides limited jurisdiction to circuit courts to review defendant's

-1-

decisions to deny, revoke, suspend, or restrict an operator's license, and it limits the relief the circuit court can grant. MCL 257.323(1) and (3). The circuit court may only "affirm, modify, or set aside the restriction, suspension, or denial" of an operator's license. MCL 257.323(3). Instead of filing a petition seeking a remedy available in MCL 257.323, Simmons filed a complaint that far exceeded the scope of the jurisdiction imparted by the statute. Simmons's complaint alleged fraud, mistake, and misrepresentation, negligence, and constitutional and statutory violations separate from and beyond those contemplated by MCL 257.323. Simmons requested injunctive and equitable relief, declaratory relief, and damages in excess of $25,000 for the harm she suffered as a result of her inability to drive. Simmons's complaint was a tort action against the state, not the type of petition seeking review of a determination by defendant as contemplated by MCL 257.323.[1] The trial court properly focused on this distinction when it determined that it lacked subject-matter jurisdiction.

Further, the trial court properly found that Simmons should have filed her complaint in the Court of Claims. MCL 600.6419(1)(a) confers exclusive jurisdiction on the Court of Claims to hear claims "against the state or any of its departments or officers . . . [,]" as presented in Simmons's complaint. In short, the trial court did not err by ruling that it lacked subject-matter jurisdiction over Simmons's complaint and that the Court of Claims had exclusive jurisdiction to hear this type of claim.[2]

Simmons further contends that the trial court erred by not allowing her to amend her complaint. For an issue to be properly preserved for appeal, it must have been "presented to and decided by the circuit court." *Forest Hills Coop*, 305 Mich App at 615. In this case, Simmons only once, in a passing remark in a brief, asked the trial court to allow her to amend her complaint. Simmons did not otherwise request leave to amend or specify how she would amend the complaint to bring it within the trial court's jurisdiction. Simmons could have requested leave to amend at any time during the proceedings, or she could have simply filed the amended complaint as a new petition. Thus, Simmons did not properly raise this issue before the trial court. Accordingly, this issue is unpreserved, and we decline to review it.

We affirm.

/s/ Peter D. O'Connell
/s/ Joel P. Hoekstra
/s/ Kirsten Frank Kelly

---

[1] In addition, MCL 257.323(4) limits the scope of the trial court's evidentiary review to a plaintiff's driving record and records of administrative hearings. Simmons attached numerous exhibits to her complaint that exceeded the scope of this evidentiary review.

[2] Having determined that the trial court lacked subject-matter jurisdiction, we need not review the trial court's application of MCR 2.116(C)(8).