*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SHARI LYNN OLIVER,

Plaintiff-Appellant,

v

MATTHEW WARREN OLIVER,

Defendant-Appellee.

UNPUBLISHED
September 19, 2024

No. 367128
Macomb Circuit Court
LC No. 2023-001205-CZ

Before: LETICA, P.J., and GARRETT and FEENEY, JJ.

PER CURIAM.

In this civil action challenging the validity of a prior divorce judgment, plaintiff, Shari Lynn Oliver, *in propria persona*, appeals as of right the trial court's order granting summary disposition in favor of defendant, Matthew Warren Oliver. We affirm.

The background leading up to the parties' divorce can be found in this Court's prior opinion, *Oliver v Oliver*, unpublished per curiam opinion of the Court of Appeals, issued June 30, 2022 (Docket No. 359539), pp 1-2 (footnotes omitted):

> The parties married in March 2011. At that time, plaintiff owned a home in Waterford and defendant owned a home in Clinton Township. They lived in defendant's Clinton Township home after the marriage and converted plaintiff's Waterford home to rental property. Plaintiff was the main source of income throughout the marriage. A year after the birth of the couple's second child, defendant voluntarily terminated his employment so that he could care for their two children while plaintiff maintained full-time employment. In 2017, the parties purchased a home in Leonard, Michigan. They utilized the equity in plaintiff's Waterford home to help finance the purchase of the Leonard home. After the parties moved into the Leonard home, they converted defendant's Clinton Township home to rental property.

> In February 2020, plaintiff quit her job and fled to her mother's home in Ohio with the parties' two minor children. And without defendant's knowledge or consent, plaintiff unenrolled the children from their Michigan schools and enrolled

-1-

them in Ohio schools. The children were returned to Michigan pursuant to a court order,[1] but plaintiff remained in Ohio. For more than a year, the children resided with defendant in Michigan during the week and with plaintiff in Ohio on weekends. Every weekend for 14 months, defendant drove the children to and from Ohio, where the parties met at a midway point. The lengthy road trips took a toll on the children. As a result, the interim custody order was modified in May 2021. Plaintiff's parenting time was reduced to alternate weekends in Ohio, but she was granted liberal parenting time in Michigan provided that she gave advance notice to defendant.

A two-day bench trial was held in April and May 2021. Plaintiff testified that she and the children were frequently subjected to domestic violence by defendant during the marriage. She made it clear that she was not willing to entertain any form of a co-parenting relationship with defendant. Plaintiff argued that she should be awarded sole legal and physical custody of the children, with only telephonic communication afforded to defendant. Plaintiff further expressed that she planned to move to Utah with her mother, regardless of the custody determination. Defendant, on the other hand, was willing to cooperate with plaintiff and foster a positive relationship between her and the children.

After hearing all of the testimony and considering all of the evidence, the trial court issued a thorough opinion awarding defendant sole legal and physical custody of the children, granting plaintiff supervised parenting time with conditions, ordering plaintiff to pay child support to defendant, and dividing the marital estate. The judgment of divorce [filed on November 23, 2021] was consistent with the trial court's rulings.

On direct appeal to this Court, plaintiff challenged (1) the award of sole legal and physical custody of the parties' two minor children to defendant, (2) the requirement that her parenting time be supervised, (3) the child support determination, and (4) the division of the marital estate. *Id*. at 1. This Court affirmed the trial court's orders and judgment of divorce. *Id*. at 11.

On October 28, 2022, after the case returned to the circuit court, plaintiff filed a "motion to vacate [the] judgment, orders and to dismiss [the] case" under MCR 2.612(C)(1)(c) (intrinsic or extrinsic fraud, misrepresentation, or other misconduct of an adverse party) and 2.612(C)(1)(d) (judgment is void). The circuit court denied plaintiff's motion during a November 20, 2022 hearing. Plaintiff alleges that the court denied the motion, stating:

---

[1] Defendant had filed a complaint for custody and an emergency motion seeking the return of the parties' minor children to Michigan. Plaintiff thereafter filed a complaint in Oakland Circuit Court for divorce before defendant's motion was heard in the custody action. *Oliver*, unpub op at 2 n 2.

The Court finds that the relief sought is not supported by either fact or law. The motion was filed pursuant to MCR 2.612, but the Plaintiff fails to provide any support for her motion. So for those reasons, the Court is going to deny the motion.

On December 2, 2022, the court entered its order denying plaintiff's motion. The court also denied plaintiff's subsequent motion for reconsideration.[2]

In the interim, on November 4, 2022, plaintiff filed a civil lawsuit in the United States District Court for the Eastern District of Michigan against those involved in the divorce proceedings, including the attorneys, the judges, and the Friend of the Court personnel. A federal magistrate recommended dismissing the entire case for lack of jurisdiction, and the district court agreed.[3]

Shortly after the federal magistrate made her recommendation, plaintiff filed the instant suit solely against defendant in Macomb Circuit Court,[4] captioning it: "VERIFIED PETITION TO VACATE A VOID JUDGMENT AND COLLATERAL ATTACK UNDER AUTHORITY MICHIGAN RULE 2.612(C)(1)(d)."[5] Therein, plaintiff alleged that the Oakland Circuit Court's divorce judgment was void because the Oakland court lacked subject-matter jurisdiction for a variety of reasons, including:

(1) fraud committed in the procurement of jurisdiction,

(2) fraud upon the court,

(3) the judge did not follow statutory procedure,

(4) the judge engaged in unlawful activity,

---

[2] Plaintiff further moved to disqualify the trial judge. The circuit court denied plaintiff's motion for disqualification along with plaintiff's subsequent motion for reconsideration.

[3] The federal district court had not acted on the magistrate's recommendation by the time of the filing of plaintiff's claim of appeal or appellate brief in this case. But we take judicial notice that the district court in September 2023 adopted the magistrate's recommendation and dismissed that case in its entirety. *Oliver v McDonald*, 2023 WL 4996638. Thereafter, the Sixth Circuit Court of Appeals affirmed the federal district court's judgment, but modified it to reflect that the dismissal for lack of subject-matter jurisdiction was without prejudice. *Oliver v McDonald*, 2024 LEXIS 18752.

[4] According to plaintiff's complaint, she was now residing in Cedar City, Utah, and defendant was living in Macomb County.

[5] Plaintiff's suit was designated CZ for "[a]ll other civil actions not otherwise coded." MCR 1.190(D)(1)(b)(iii) and MCR 8.117; Michigan Trial Court Records Management Standards – Case type Codes <http://www.courts.michigan.gov/Administration/SCAO/Resources/Documents/standards/cf_cas etypecodes.pdf> (accessed on September 12, 2024).

(5) violation of due process,

(6) the court exceeded its statutory authority,

(7) the judge was involved in a scheme of bribery,

(8) the court did not comply with the court rules,

(9) the judge did not act impartially,

(10) the order/judgment was based on a void order/judgment.  [Citations omitted.]

Defendant moved for summary disposition under MCR 2.116(C)(4) (lack of subject-matter jurisdiction) and (7) (res judicata or collateral estoppel).  The trial court granted the motion, stating, "[T]his is not an appropriate case for me, general jurisdiction in Circuit Court of Macomb County.  And quite frankly, even if I did find that I had subject matter jurisdiction, I would also agree res judicata applies."  Plaintiff moved for reconsideration, which the trial court denied.

## I.  STANDARD OF REVIEW

This Court reviews a trial court's decision on a motion for summary disposition de novo. *Odom v Wayne Co*, 482 Mich 459, 466; 760 NW2d 217 (2008).  Likewise, whether a court has subject-matter jurisdiction is a question of law this Court reviews de novo.  *Clohset v No Name Corp*, 302 Mich App 550, 559; 840 NW2d 375 (2013).

## II.  SUMMARY DISPOSITION

Plaintiff raises 10 different issues on appeal.  Plaintiff's first five issues all relate to how the Oakland County circuit court judgment was purportedly void, and, therefore, subject to collateral attack.

But these issues are not properly before this Court.  The trial court did not address the underlying merits of the claims in plaintiff's complaint because it instead dismissed the complaint due to a lack of subject-matter jurisdiction.  This Court is an error-correcting court.  *Apex Laboratories Int'l Inc v Detroit (On Remand)*, 331 Mich App 1, 10; 951 NW2d 45 (2020).  Thus, the only issue properly before this Court is whether the trial court correctly granted defendant's motion for summary disposition.  The trial court did not err by concluding that it lacked subject-matter jurisdiction.  Accordingly, the underlying merits of plaintiff's claim were irrelevant because the court had no power to do anything but dismiss the action.  See *Bowie v Arder*, 441 Mich 23, 56; 490 NW2d 568 (1992) ("When a court lacks subject matter jurisdiction to hear and determine a claim, any action it takes, other than to dismiss the action, is void."); *Derderian v Genesys Health Care Sys*, 263 Mich App 364, 375; 689 NW2d 145 (2004) ("[A] court that lacks subject-matter jurisdiction cannot adjudicate the parties' claims.").

Summary disposition under subrule (C)(4) is appropriate when the trial court "lacks jurisdiction of the subject matter."  MCR 2.116(C)(4).  Such jurisdictional questions are evaluated by determining "whether the affidavits, together with the pleadings, depositions, admissions, and

documentary evidence, demonstrate . . . a lack of subject matter jurisdiction." *L&L Wine & Liquor Corp v Liquor Control Comm*, 274 Mich App 354, 356; 733 NW2d 107 (2007) (quotation marks, citation, and brackets omitted).

"Subject-matter jurisdiction is the right of the court to exercise judicial power over a class of cases, not the particular case before it." *Teran v Rittley*, 313 Mich App 197, 205; 882 NW2d 181 (2015) (quotation marks and citation omitted). "It is the abstract power to try a case of the kind or character of the one pending, but not to determine whether the particular case is one that presents a cause of action or, under the particular facts, is triable before the court in which it is pending." *Id.* (quotation marks and citation omitted). Further, in a divorce proceeding, the circuit court maintains continuing jurisdiction over child custody, child support, and parenting time. See *Glaubius v Glaubius*, 306 Mich App 157, 172-173; 855 NW2d 221 (2014). And, when a tribunal of this state issues a support order, it retains continuing, exclusive jurisdiction over the support order when the obligor, obligee, or the child retain residence in Michigan. MCL 552.2205(1)(a).

Although a lack of subject-matter jurisdiction was the primary reason the trial court granted summary disposition, plaintiff does not directly or effectively address that particular ruling. Her argument that defendant's motion should have been denied because he failed to provide any documentary evidence is without merit. As previously noted, under MCR 2.116(C)(4), a court is to consider any documentary evidence submitted, *plus the pleadings*. *L&L Wine & Liquor Corp*, 274 Mich App at 256. Consequently, if no documentary evidence is supplied, a court may render a ruling by review of the pleadings alone. Indeed, defendant averred in his motion for summary disposition that a lack of jurisdiction could be ascertained solely by review of plaintiff's complaint.

Plaintiff also cites, with no supporting analysis, MCL 767.3 and avers that this provision somehow gave the trial court in the instant case authority to act. MCL 767.3 and MCL 767.4 are known as the "one-man grand jury" statutes. *People v Peeler*, 509 Mich 381, 386, 389; 984 NW2d 80 (2022). These statutes are inapplicable because plaintiff's cause of action was a civil action to void a prior judgment; it was not a criminal complaint. "It is well settled that the gravamen of an action is determined by reading the complaint as a whole, and by looking beyond mere procedural labels to determine the exact nature of the claim." *Adams v Adams (On Reconsideration)*, 276 Mich App 704, 710-711; 742 NW2d 399 (2007). Plaintiff's complaint, while containing some allegations of criminal activity, has as its overriding goal the civil remedy of voiding a prior judgment. Thus, with the complaint sounding solely as a civil action, it cannot be viewed as an attempt to invoke the one-man grand jury process. Moreover, MCL 767.3, contained in Michigan's Code of Criminal Procedure, does nothing to address or bequeath jurisdiction in a civil case.

Aside from those two arguments, plaintiff fails to adequately address the merits of the trial court's decision that it lacked subject-matter jurisdiction to hear plaintiff's complaint. Instead, plaintiff primarily focuses on how the Oakland judgment is void, how she was otherwise wronged in the Oakland action, or how summary disposition was not warranted under MCR 2.116(C)(7). Accordingly, plaintiff has failed to show how the trial court erred or how she is entitled to any relief; we therefore affirm. See *Derderian*, 263 Mich App at 381 (stating that when an appellant fails to dispute the basis of the trial court's ruling, the appellant is not entitled to any relief); *Roberts & Son Contracting, Inc v North Oakland Dev Corp*, 163 Mich App 109, 113; 413 NW2d 744

(1987) (stating that the failure to address an issue which necessarily must be reached precludes appellate relief).

Regardless, MCR 2.612(C) provides the grounds upon which a party may seek relief from judgment. It reads:

(1) On motion and on just terms, the court may relieve a party or the legal representative of a party from a final judgment, order, or proceeding on the following grounds:

(a) Mistake, inadvertence, surprise, or excusable neglect.

(b) Newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under MCR 2.611(B).

(c) Fraud (intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party.

(d) The judgment is void.

(e) The judgment has been satisfied, released, or discharged; a prior judgment on which it is based has been reversed or otherwise vacated; or it is no longer equitable that the judgment should have prospective application.

(f) Any other reason justifying relief from the operation of the judgment.

(2) The motion must be made within a reasonable time, and, for the grounds stated in subrules (C)(1)(a), (b), and (c), within one year after the judgment, order, or proceeding was entered or taken. Except as provided in MCR 2.614(A)(1), a motion under this subrule does not affect the finality of a judgment or suspend its operation.

(3) This subrule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding; to grant relief to a defendant not actually personally notified as provided in subrule (B); or to set aside a judgment for fraud on the court.

(4) The procedure for obtaining relief from a judgment shall be by motion as prescribed in these rules or by an independent action. Relief may not be sought or obtained by the writs of coram vobis, audita querela, bills of review, or bills in the nature of a bill of review.

In this case, an Oakland County Circuit Court Family Division judge denied plaintiff's motion to vacate the judgment of divorce in addition to its other orders and to dismiss the case under MCR 2.612(C)(1)(c) and (d) in the divorce case on November 30, 2022. On April 10, 2023, in the Macomb County Circuit Court plaintiff filed the instant "verified petition to vacate a void judgment and collateral attack under authority [of] Michigan [Court] Rule 2.612(C)(1)(d)."

Plaintiff alleged that the proceeding before the Oakland County Circuit Court Family Division judge was void and sought relief from a Macomb County Circuit Court judge by vacating the Oakland County Circuit Court judge divorce judgment.[6]

"It is well established in Michigan that, assuming competent jurisdiction, a party cannot use a second proceeding to [collaterally] attack a tribunal's decision in a previous proceeding . . . ." *Workers' Compensation Agency Dir v MacDonald's Ind Pro, Inc (On Reconsideration)*, 305 Mich App 460, 474; 853 NW2d 467 (2014). Jurisdiction involves two concepts: subject-matter jurisdiction and personal jurisdiction. *People v Lown*, 488 Mich 242, 268 n 49; 794 NW2d 9 (2011); see also *Foster v Foster*, 509 Mich 109, 125; 983 NW2d 373 (2022). Personal jurisdiction deals with the authority of the court to bind the *particular* parties to the action. *Lown*, 488 Mich at 268 n 49; see also *Burger King Corp v Rudzewicz*, 471 US 462, 471; 105 S Ct 2174; 85 L Ed 2d 528 (1985).

"The jurisdiction of circuit courts in matters of divorce is strictly statutory." *Stamadianos v Stamadianos*, 425 Mich 1, 5; 385 NW2d 604 (1986). Since 1998, "[e]xcept as otherwise provided by law, the family division of [the] circuit court has sole and exclusive jurisdiction over" divorce cases. MCL 600.1021(a)(*i*). And for a court to obtain jurisdiction over a divorce case, one of the parties must meet the residency requirements set forth in MCL 552.9. See *Stamadianos*, 425 Mich at 7. Either the complainant or defendant in the divorce action must have resided in Michigan "for 180 days immediately preceding the filing of the [divorce] complaint" and the complainant or defendant must have "resided in the county in which the complaint [was] filed for 10 days immediately preceding the filing of the complaint."[7]

Plaintiff filed the divorce complaint in Oakland County Circuit Court on February 24, 2020. Although plaintiff was in Ohio at that time, defendant resided in the parties' marital home in Leonard, Michigan, which is located in Oakland County, for 10 days before plaintiff filed the complaint and the parties purchased that home in 2017. Therefore, the Family Division of the Oakland County Circuit Court had subject-matter jurisdiction over the parties' divorce matter.

Turning to the question of personal jurisdiction, because personal jurisdiction is waivable, "there are a variety of legal arrangements by which a litigant may give express or implied consent to the personal jurisdiction of the court." *Burger King*, 471 US at 472 n 14 (quotation marks and citation omitted). Certainly, plaintiff filing suit in the Oakland Circuit Court was an express consent to the personal jurisdiction of that court. In fact, during the post-judgment proceedings in the divorce case, the Oakland County Circuit Court Family Division judge rejected plaintiff's claim that the court did not have jurisdiction, explaining that plaintiff was "the plaintiff in this matter" and had "availed [herself] of this Court's jurisdiction." Because the Oakland County Circuit Court Family Division had jurisdiction over the divorce case, plaintiff could not "use a

---

[6] Although plaintiff cites numerous cases from other jurisdictions to support her arguments, we decline to consider them because they are not binding, *Sarker v Doe*, 318 Mich App 156, 191 n 18; 897 NW2d 207 (2016), and controlling Michigan caselaw exists.

[7] There is one exception for a defendant who is born in or is a citizen of a country other than the United States; however, it does not aid plaintiff in this case.

second proceeding to attack [its] decision in a previous proceeding . . . ." *Workers' Compensation Agency Dir*, 305 Mich App at 474.

Finally, we further note that plaintiff's Macomb County Circuit Court lawsuit was also improper under MCR 2.613(B), which addresses the correction of error by other judges and provides:

> A judgment or order may be set aside or vacated, and a proceeding under a judgment or order may be stayed, *only by the judge who entered the judgment* or order, *unless that judge is absent or unable to act*. If the judge who entered the judgment or order is absent or unable to act, an order vacating or setting aside the judgment or order or staying proceedings under the judgment or order may be entered by a judge otherwise empowered to rule in the matter. (Emphasis added.)

This rule is the latest codification of this state's longstanding rule that a judge has no jurisdiction to review, modify, or vacate the judgment of another coequal judge. *Dodge v Northrop*, 85 Mich 243, 245; 48 NW 505 (1891) ("Courts of concurrent jurisdiction cannot set aside or modify the orders and decrees of other courts of like jurisdiction."). This Court discussed the purpose of this rule and its predecessor in *Huber v Frankenmuth Mut Ins Co*, 160 Mich App 568, 573; 408 NW2d 505 (1987), recognizing:

> The policy behind the rule requiring litigants to appear before the judge who made the judgment or order is that the original judge is best qualified to rule on the matter. In addition, such a rule tends to preserve the dignity and stability of judicial action by preventing unhappy litigants from turning to other trial judges to have the judgment "reversed" and by preventing "judge shopping."

Yet, this is precisely what plaintiff did in this case after the Oakland County Circuit Court Family Division judge denied her motion to set aside the divorce judgment under MCR 2.612(C)(1)(d).[8]

Affirmed.

/s/ Anica Letica
/s/ Kristina Robinson Garrett
/s/ Kathleen A. Feeney

---

[8] Even if we assumed arguendo that the Macomb County circuit court had jurisdiction over the instant civil suit, the issue of the divorce judgment being void for the various reasons claimed by plaintiff was raised in and rejected by the Oakland Circuit Court. Consequently, the relitigation of this issue was precluded by collateral estoppel, *King v Munro*, 329 Mich App 594, 599; 944 NW2d 198 (2019), and we would still affirm the Macomb County circuit court's order of dismissal with prejudice. See *Gleason v Mich Dep't of Transp*, 256 Mich App 1, 3; 662 NW2d 822 (2003) ("A trial court's ruling may be upheld on appeal where the right result issued, albeit for the wrong reason.").